**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ONEL MONTES DE OCA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-05251 JLT SAB (HC)

A-Number: 079-414-173

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 11, 14)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 2, 2026, the magistrate judge issued findings and recommendations to grant the petition and order Respondents to immediately release Petitioner. (Doc. 14.) On October 16, 2026, Respondents filed timely objections. (Doc. 15.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Petitioner is a Citizen of Cuba with a final order of removal entered in 2009 after he sustained a controlled substance conviction in 2008. (Doc. 11, ¶¶ 1, 8; Doc. 14 at 1.) He was previously detained and released on supervision because he could not be removed. (*See* Doc. 14 at 1.) On May 3, 2026, he was re-detained while attempting to board a domestic flight at Palm

Beach International Airport. (*Id.*) Respondents' stated intention was to execute the 2009 order of removal. (*Id.*) Respondents do not suggest Petitioner can be removed to Cuba; instead, they insist he is failing to cooperate with his removal to Mexico. (Doc. 14 at 3.) As this Court has repeatedly held "though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there." *Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026). It is disingenuous at best to assert that his non-consent to removal to Mexico constitutes a failure to cooperate justifying continued detention; to hold otherwise would make a mockery out of the concept of consent. Respondents have not met their burden to demonstrate removal is likely in the reasonably foreseeable future.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 2, 2026 (Doc. 14) are **ADOPTED IN FULL**.
2. The first amended petition for writ of habeas corpus (Doc. 11) is **GRANTED**.
3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from custody under the conditions of his most recent order of supervision.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[1]
5. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.

///

///

///

///

[1] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner violate the terms of his release.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 20, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE